Vol. 90]       SEPTEMBER TERM, 1911.              361

In re Estate of Wilson.       Davis v. State.

## IN RE ESTATE OF WILSON.

### ANNA J. WILSON, APPELLANT, V. L. AUGUSTUS WILSON, GUARDIAN, APPELLEE.

FILED NOVEMBER 28, 1911.   No. 17,018.

APPEAL from the district court for Gosper county: ROBERT C. ORR, JUDGE.   *Reversed.*

*R. D. Stearns* and *Lafe Burnett,* for appellant.

*O. E. Bozarth* and *Ritchie & Wolff,* contra.

PER CURIAM.

For the reasons and purposes stated in the opinion in *Wilson v. Wilson, ante,* p. 353, the judgment herein is reversed and the cause remanded to the district court.

REVERSED.

---

### MAGGIE DAVIS v. STATE OF NEBRASKA.

FILED NOVEMBER 28, 1911.   No. 17,263.

1. Homicide: INSTRUCTIONS: MALICE: PRESUMPTIONS.   "The law implies malice in cases of homicide if the killing alone is shown; but, if the circumstances attending the homicide are fully testified to by eye-witnesses, it is error to instruct the jury that there is a presumption of malice from the fact of the killing." *Lucas v. State,* 78 Neb. 454.

2. Criminal Law: INSTRUCTIONS: DEFENSE OF INSANITY: EVIDENCE. Jurors, in determining whether an accused at the time of the commission of the alleged crime was mentally competent to distinguish between right and wrong with respect thereto, should consider all of the evidence upon the subject and should not be instructed to only consider the opinions given by experts.

3. ——: DEFENSE OF INSANITY: EVIDENCE: REASONABLE DOUBT. Where, during the trial of a criminal case, evidence is introduced tending to impair the presumption that the prisoner was of sound mind at the time the crime is alleged to have been com-